## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| FAYELENE E. GENNESS-BILECKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:15-cv-387-JHR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff complains that, in determining her mental residual functional capacity ("RFC"), the administrative law judge ignored Veterans Administration ("VA") records that included a favorable disability ratings decision, a post-traumatic stress disorder ("PTSD") evaluation by Kirsten Milliken-Zumel, Ph.D., and notes of treating therapist Katherine Russin, L.C.S.W., and in determining her physical RFC, he erred in evaluating the finding of agency examining consultant Robert N. Phelps Jr., M.D., that she had a limited ability to stand and walk. *See* Plaintiff's Statement of Errors ("Statement of

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 15, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 21.

Errors") (ECF No. 16-1) at 3-7.  She also seeks remand for consideration of evidence presented for the first time to the Appeals Council, namely, a July 15, 2014, RFC opinion of treating physician David L. Camenga, M.D.  *See id*. at 7.  I conclude that remand is warranted because of the administrative law judge's handling of the VA disability ratings decision and, accordingly, vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 26; that she had severe impairments of degenerative disc disease of the cervical spine with sensory deficits, migraine headaches, bipolar disorder, and PTSD, Finding 3, *id*. at 27; that she retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she could never climb ramps, ladders, or scaffolds, could occasionally climb ramps and stairs,[2] kneel, crouch, balance, and crawl, was further limited to only occasional overhead work and frequent handling, fingering, and feeling, needed to avoid unprotected heights and vibratory tools, and could understand/remember simple instructions, accomplish simple tasks on a consistent schedule to complete a workday/workweek, interact with coworkers and supervisors but not the general public, and adapt to occasional routine changes in the workplace, Finding 5, *id*. at 28-29; that, considering her age (46 years old, defined as a younger individual, on her alleged disability onset date, February 4, 2012), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that

---

[2] It is unclear whether the administrative law judge meant to find that the plaintiff could never climb ramps or only occasionally climb them.  However, nothing turns on this limitation.

she could perform, Findings 7-10, *id*. at 32; and that she, therefore, had not been disabled from her alleged disability onset date through the date of the decision, June 27, 2014, Finding 11, *id*. at 33. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Basis for Remand: Handling of VA Disability Ratings Decision

The plaintiff was adjudged by the VA, by decision dated October 3, 2012, to be 100 percent disabled by service-connected PTSD, 20 percent disabled by service-connected radiculopathy of the right upper extremity secondary to degenerative disc disease, 20 percent disabled by service-connected radiculopathy of the left upper extremity secondary to degenerative disc disease, 20

percent disabled for service-connected degenerative disc disease, and 10 percent disabled for service-connected gastroesophageal reflux disease.  *See* Record at 265-68.  She was found entitled to special monthly compensation for meeting the criteria as "housebound."  *Id.* at 268.

The entirety of the administrative law judge's discussion of the VA disability ratings decision was as follows:

> As mentioned above, the [plaintiff] is receiving 100 percent service-related disability for PTSD.  The undersigned notes that 20 CFR 404.1504 and 416.904 specifically provide that a decision by any other governmental agency about whether an individual is disabled is based on its rules and not binding upon the Social Security Administration.

*Id.* at 31 (citation omitted).

As the plaintiff observes, *see* Statement of Errors at 6-7, in *Flannery v. Barnhart*, No. 06-37-B-W, 2006 WL 2827656 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 20, 2006), this court noted that, in *Pinkham v. Barnhart*, 94 Soc. Sec. Rep. Serv. 318, 321 (D. Me. 2004) (rec. dec., *aff'd* Apr. 5, 2004), it had "sided with all federal circuit courts of appeals that had considered the issue in holding that a determination of disability made by the Veterans' Administration is entitled to some weight in determining a claim for Social Security benefits[,]" *Flannery*, 2006 WL 2827656, at *2 (citation and internal quotation marks omitted).  It made clear that "[a] failure to accord some weight to a VA disability determination requires remand[,]" and that "a passing reference to another agency's disability finding or a perfunctory rejection of it . . . will not suffice." *Id.* (citations and internal quotation marks omitted).

In her brief and through counsel at oral argument, the plaintiff contended that the administrative law judge's treatment of her VA disability ratings decision transgressed these standards, warranting remand.  *See, e.g.*, Statement of Errors at 6-7.  In her brief and/or through counsel at oral argument, the commissioner rejoined that the administrative law judge's discussion

4

met *Pinkham*/*Flannery* standards for consideration/explication and that, to the extent *Pinkham* and *Flannery* require that a certain level of weight be accorded to a VA disability ratings decision, they were superseded by Social Security Ruling 06-03p ("SSR 06-03"). *See, e.g.*, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 18) at 4-7 & n.2.

In support of the first point, the commissioner's counsel contended that this court has held that discussions of VA disability ratings decisions only slightly more detailed than that provided here have passed muster, citing *Smith v. Colvin*, No. 2:13-CV-00066-JAW, 2014 WL 220721 (D. Me. Jan. 21, 2014), and *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919 (D. Me. July 7, 2011) (rec. dec., *aff'd* July 29, 2011). *Smith* and *Pierce*, however, are materially distinguishable.

In *Smith*, the administrative law judge explained that he attributed "limited weight" to two VA disability ratings decisions, one from 2004 and one from 2009, as they were "based upon a different disability standard[,]" did "not discuss the claimant's functional limitations, assess his residual functional capacity, or cite to specific objective medical findings supporting these decisions[,]" and the 2009 decision was "beyond the claimant's date last insured." *Smith*, 2014 WL 220721, at *3 (citation and internal quotation marks omitted). The court rejected the claimant's argument that *Flannery* required remand, explaining:

> Only a portion of the administrative law judge's rationale as quoted above appears in *Flannery*, where the opinion stated only that "[a]s pointed out to Mr. Flannery at the hearing, the disability evaluation process used by the Social Security Administration differs from that employed by the Veterans Administration." In this case, the [claimant] cites no authority for his characterization of the two sentences following a reference to the differing standard as "boilerplate." The opinion neither "fail[s] to accord some weight" to the VA's disability determination nor makes only "a passing reference to" that finding or "a perfunctory rejection of it[,]" the two treatments found insufficient in *Flannery*. In addition, both of the state-agency reviewing psychologists took the underlying VA records into account in drawing conclusions that support the administrative law judge's decision in this

5

>   case. While brief, the administrative law judge's statement is sufficient under *Pierce*[.]

*Id*. (citations omitted).

In *Pierce*, the court upheld the Disability Review Board's ("DRB's") assignment of little weight to a VA disability ratings decision on the bases that "the VA had supplied 'very limited rationale' for its decision" and, "after reviewing the same underlying medical information relied upon [by] the VA, the administrative law judge made findings supported by substantial evidence that the [claimant] did not qualify for disability under the commissioner's different standards." *Pierce*, 2011 WL 2678919, at *4.

By contrast, the administrative law judge's treatment of the VA disability ratings decision in this case is identical to that of the administrative law judge in *Flannery*: he dismissed it out of hand on the sole basis that the standards differ. *Compare* Record at 31 *with Flannery*, 2006 WL 2827656, at *2. At oral argument, the commissioner's counsel correctly noted that here, as in *Smith*, agency nonexamining consultants had considered raw VA medical records on which the VA disability ratings decision was based. *Compare* Record at 68, 93-94 *with Smith*, 2014 WL 220721, at *3.

However, in *Smith*, the court noted this fact *in addition to* finding that the administrative law judge had provided a sufficient explanation of his handling of the VA disability ratings decision. *See Smith*, 2014 WL 220721, at *3. The mere fact that agency nonexamining consultants considered raw medical evidence underlying a VA disability ratings decision cannot remedy an administrative law judge's perfunctory rejection of such a decision: it is not a substitute for the administrative law judge's evaluation of the VA disability ratings decision itself.

At oral argument, the commissioner's counsel also reiterated, as set forth in the commissioner's brief, that the mental RFC determination of the administrative law judge is in any

event supported by substantial evidence, and his evaluation of that evidence "can only reasonably be viewed as explaining and bolstering [his] discounting of the VA's finding that plaintiff is disabled due to PTSD." Opposition at 7. While, in *Pierce*, this court did find that such a discussion bolstered the DRB's handling of a VA disability ratings decision, that discussion, as well, was *in addition to* the provision of an explanation that the VA had supplied a very limited rationale for its decision. *See Pierce*, 2011 WL 2678919, at *4. Again, it is no substitute for an administrative law judge's evaluation of the disability ratings decision itself.[3]

On this basis alone, reversal and remand are required. However, in the alternative, I agree with the plaintiff that the administrative law judge also committed reversible error in failing to accord some weight to the VA disability ratings decision, as required by this court's *Pinkham/Flannery* line of cases.

The commissioner argues that SSR 06-03p superseded that holding, making clear that disability decisions of other agencies are entitled to no presumptive weight. *See, e.g.*, Opposition at 4-7. However, she cites no authority for that proposition beyond the text of the ruling itself. *See id.* I find her argument unpersuasive.

The commissioner first notes that SSR 06-03p states that a disability decision by another agency is "based on its rules and is not our decision[,]" which must be "based on social security

---

[3] At oral argument, the commissioner's counsel acknowledged that the *Pinkham/Flannery* standard for explication of handling of a VA disability ratings decision is, for the most part, consistent with the standard set forth in SSR 06-03p. However, she contended, as the commissioner had in her brief, that SSR 06-03p merely requires that such a decision be taken into consideration, rather than ignored. *See, e.g.*, Opposition at 6. I disagree. While SSR 06-03p states that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered[,]" it also directs that "the adjudicator should explain the consideration given to these decisions in the notice of decision[.]" SSR 06-03p at 334. That is also what *Pinkham* and *Flannery* require. However, even assuming *arguendo* that the standards for explication set forth in *Pinkham/Flannery* and SSR 06-03p differ, the administrative law judge fails to meet the standard as described in SSR 06-03p. Merely stating that the VA's standards for determining disability differ from those of the commissioner does not constitute an explanation of consideration given to an individual VA disability ratings decision. That is the nub of the problem in this case: as the plaintiff's counsel contended at oral argument, the administrative law judge simply does not address the VA disability ratings decision at all.

7

law[,]" and therefore such decisions are "not binding on us."  Opposition at 5; SSR 06-03p at 333.  Yet, that is true under *Pinkham*/*Flannery* and their progeny, as well.

The commissioner next asserts that SSR 06-03p "recognizes that another agency's disability decision is evaluated under principles set forth in the current 20 C.F.R. §§ 404.1527(d) & 416.927(d) and [Social Security Ruling] 96-5p, which . . . pertain to opinions on issues that are reserved to the Commissioner" and, hence, are "not entitled to any special significance[.]"  Opposition at 6 (citations and internal quotation marks omitted).  Yet, she is mistaken.  The section of the ruling on which she relies pertains to the commissioner's evaluation of medical opinions used by other agencies in making such decisions, not to the evaluation of the disability decisions themselves.  *See* SSR 06-03p at 334.

While it is true that SSR 06-03p does not itself direct that any particular weight be given another agency's disability rating (including those of the VA), *see* SSR 06-03p at 333-34, I do not construe it to foreclose courts from doing so.

My research reveals that courts that have required the provision of even greater weight to VA disability ratings decisions than does this court appear to have perceived no clash with SSR 06-03p.  *See, e.g., Jones v. Colvin*, No. 7:14-CV-252-BO, 2015 WL 7451338, at *2 (E.D.N.C. Nov. 23, 2015) ("Plaintiff alleged on brief and at the hearing that the ALJ erred by improperly evaluating the disability rating determined by the VA. . . .  As a foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA.  SSR 06-03p.  However, the Fourth Circuit has noted that 'both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability' and, thus, 'in making a disability determination, the SSA must give substantial weight to a VA disability rating.'  *Bird v. Comm'r of SSA*, 699[] F.3d 337, 343 (4th Cir. 2012).  The ALJ

is relieved from this only when 'the record before the ALJ clearly demonstrates that such a deviation is appropriate.' *Id.* Finally, the ALJ is required to 'explain the consideration given' to a disability rating from another governmental agency, such as the VA. SSR 06-03p."); *Waters v. Colvin*, No. 1:13-cv-00197-SMS, 2014 WL 1271462, at *14 (E.D. Cal. Mar. 27, 2014) ("A determination made by another agency (e.g., Workers' Compensation, the Department of Veteran's Affairs, or an insurance company) that a claimant is disabled or blind is not binding on the Commissioner. S.S.A. 06-03p. Nonetheless, because of the marked similarity between the programs, "an ALJ must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).").

The administrative law judge failed to explain the weight given to the VA disability ratings decision, in violation of both SSR 06-03p and *Pinkham/Flannery*, and failed to accord some weight to that decision, in violation of *Pinkham/Flannery*. On this basis, remand is required. Insofar as the plaintiff complains of the handling of other VA evidence, specifically, the report of Dr. Milliken-Zumel and the notes of therapist Russin, *see* Statement of Errors at 4-5, 7, no useful purpose is served in dissecting whether, as a standalone matter, the administrative law judge's handling of that evidence warrants remand.[4]

### B. Other Points

#### 1. Treatment of Phelps Report

The plaintiff also seeks remand on the basis that the administrative law judge's finding that she could stand and walk a good deal of the time is unsupported by substantial evidence. *See* Statement of Errors at 6. She relies on the opinion of examining consultant Dr. Phelps that her

---

[4] The VA took into consideration the Milliken-Zumel report, which was prepared for the purpose of consideration of the plaintiff's VA disability claim, and at least some of the earlier Russin notes, in rendering its decision that the plaintiff was 100 percent disabled by PTSD. *See* Record at 266, 410-23, 425.

9

"ability to stand or walk is limited[,]" as well as evidence that she required epidural steroid injections to function. *Id*. (quoting Record at 407); *see also* Record at 628-35. She argues that "[h]aving to be on her feet to the extent required by light work would be torturous as the effect of the injections subsides." Statement of Errors at 6.

Remand is not independently warranted on the basis of this point of error. As the commissioner points out, *see* Opposition at 10-11, the administrative law judge addressed the Phelps report, noting that Dr. Phelps "found that [the plaintiff's] ability to stand or walk was limited though her examination showed no significant problems with ambulation[,]" Record at 30. He further noted that he accorded evidentiary weight to the opinions of agency nonexamining physicians. *See id*. at 31. These included the physical RFC opinions of Benjamin Weinberg, M.D., and J.H. Hall, M.D., both of whom concluded, with the benefit of review of the Phelps report, that the plaintiff retained the capacity to stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday. *See id*. at 71, 97. Both described the Phelps opinion as containing "[s]ubjective limitations not supported by objective findings[.]" *Id.* The administrative law judge also took into account evidence that the plaintiff required epidural steroid injections, noting that, "in January 2014, [the plaintiff] reported very good response to steroid injections that lasted about four months." *Id*. at 30 (citation omitted).

This constitutes substantial evidence in support of the finding that the plaintiff could meet the standing/walking demands of light work.

## 2. New Evidence in Form of Opinion of Dr. Camenga

The plaintiff finally seeks remand "for further consideration of the evidence in the record and the evidence submitted to the Appeals Council[,]" including the opinion of Dr. Camenga, a VA treating neurologist who saw the plaintiff eight times and whose notes are of record. Statement of Errors at 7.

Remand is not independently warranted on the basis of this point of error, either. The First Circuit has made clear that there are two circumstances in which remand based on submission of evidence subsequent to the issuance of an administrative law judge's decision is appropriate: (i) when that evidence is new and material *and* a claimant demonstrates good cause for its belated submission and (ii) when, regardless of whether there is such good cause, the Appeals Council has given an "egregiously mistaken ground" for its action in refusing review in the face of such late-tendered evidence. *Mills v. Apfel,* 244 F.3d at 1, 5-6 (1st Cir. 2001).

As the commissioner points out, *see* Opposition at 11-12, the plaintiff neither recognizes this standard nor attempts to make any argument that the Camenga evidence fits it, *see* Statement of Errors at 7, thereby waiving the point, *see, e.g., United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Oakes v. Colvin*, No. 1:15-cv-189-NT, 2015 WL 10436147, at *2-*3 (D. Me. Dec. 28, 2015) (rec. dec., *aff'd* Mar. 8, 2016) (claimant who failed to mention the *Mills* standard of review for remand based on evidence submitted for first time to Appeals Council "must accordingly be deemed to have waived any argument based on either prong of the appropriate standard").[5]

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED** and the case **REMANDED** for proceedings consistent herewith.

---

[5] That said, I perceive no reason why the material submitted to the Appeals Council should not be considered on remand.

11

Dated this 13th day of September, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge